This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO. A-1-CA-37089

**JAMES PACE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant James Pace appeals his conviction for DWI (3rd Offense). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

{2}     Defendant's sole issue on appeal is whether trial counsel was ineffective. We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. A defendant must show that counsel's actions were not simply matters of strategy, were made part of the record, and have prejudiced Defendant. *See State v. Baca*, 1997-NMSC-59, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks and citation omitted)).

{3}     Here, Defendant claims that defense counsel was ineffective because he failed to move to exclude a dash cam video, which captured his behavior after he was placed in the backseat of the patrol car. [MIO 3] When a defendant's ineffective assistance of counsel claim is based upon trial counsel's failure to file a motion, the record must show "that a reasonably competent attorney could not have decided that such a motion

was unwarranted." *State v. Mosley*, 2014-NMCA-094, ¶ 20, 335 P.3d 244. Our calendar notice observed that Defendant did not specify the legal basis for objecting to the introduction of the video. In his memorandum in opposition, Defendant claims that the video—which showed him highly agitated and cursing—constituted prior bad act evidence, and that it was inadmissible under Rule 11-404(B) NMRA. [MIO 8-9] However, this Court has held that "[t]he inclusion of the word 'other' [in Rule 11-404(B)] connotes crimes, wrongs, or acts that are not the subject of the [current] proceedings[.]" *State v. Ruiz*, 2007-NMCA-014, ¶¶ 27-28, 141 N.M. 53, 150 P.3d 1003. In this case, Defendant's conduct at the scene was part of the charged conduct, since it was probative on this issue of whether Defendant was under the influence of alcohol. [*See* Jury Instruction No. 3, RP 28] Although the jury could determine that the anger was unrelated to being under the influence, as Defendant advocates [MIO 3], this does not affect the admissibility of the evidence, since a jury could well conclude that it showed the opposite. In other words, it was probative of mental state and we conclude that the motion would have been denied.

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

3

_____

**DANIEL J. GALLEGOS, Judge**

_____

**JENNIFER L. ATTREP, Judge**